Filed 11/23/15  P. v. Dungan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>ZACHARIAH LEVI DUNGAN,<br><br>　　　　Defendant and Appellant. | A143759<br><br>(Del Norte County<br>Super. Ct. No. CRF1490292) |

　　　　Appellant Zachariah Levi Dungan appeals from the 18-year state prison sentence imposed following his plea of guilty to certain charges and enhancements alleged against him.  Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

　　　　We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code[1] section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the

---

　　　　[1] All further statutory references are to the Penal Code, unless otherwise indicated.

1

sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

## PROCEDURAL AND MATERIAL FACTUAL BACKGROUND OF CASE

A three-count information was filed by the Del Norte County District Attorney's Office on July 2, 2014, charging appellant with one count of residential burglary (§§ 459/460, subd. (a)), one count of possession of a controlled substance (Health & Saf. Code, § 11377), and one count of resisting a peace officer (§ 148, subd. (a)(1)). The information also alleged that count one was a serious and violent felony within the meaning of sections 1192.7, subdivision (c), and 667.5, subdivision (c), that appellant had suffered a prior conviction for a serious felony in 2001, and that appellant had served three prior prison sentences without remaining free from felony convictions for five years within the meaning of section 667.5, subdivision (b). A codefendant, Donald Kevin Webb, Jr., was also charged in the same information with burglary and resisting arrest, and prior prison sentencing enhancements were also alleged against Webb.

Appellant initially entered a plea of not guilty at his arraignment, although it was anticipated that a "global" resolution of the case was likely. Jury trial was set for September 8, 2014. The case was subsequently taken off calendar, and trial reset for October 27, 2014. Appellant had previously waived his speedy trial rights.

On October 23, 2014, appellant filed a request to change his plea. A hearing was held on that request at which time appellant pled guilty to the residential burglary and possession of a controlled substance charges. The resisting arrest count was dismissed in the interests of justice. The court found a factual basis existed for the plea, and that appellant knowingly and voluntarily acknowledged and waived his constitutional rights by entering the guilty plea. Appellant was advised that by pleading guilty he faced a maximum sentence of 21 years 4 months in state prison, and that he would not be eligible for probation. Appellant also agreed to a court trial as to the sentencing enhancements

alleged which would take place at the time of sentencing. Both *Arbuckle*[2] and *Harvey*[3] waivers were entered by appellant. The case was referred to the probation department for a presentence report and recommendation, and the court trial and sentencing were scheduled for November 5, 2014.

At a subsequent hearing, sentencing was reset for December 4, and a court trial on the special allegations was set for November 12. At the November 12 hearing, the prosecution presented and had admitted certain records relating to appellant's past criminal history. At the conclusion of the hearing, the court took the matters under submission, indicating an intention to review the exhibits presented before ruling.

The court trial was then continued to November 21 on the court's own motion, at which time the court announced that there appeared to be a discrepancy in the records pertaining to the "abstract of the priors," at least as to appellant's 2001 conviction. The court ordered the prosecutor to present the full file to the court for review that same day. However, the court concluded that the prison priors under section 667.5 were true, as well as the special allegation under section 667, subdivision (a)(1). In light of the court's concern, appellant filed a motion to strike the 2001 conviction as a serious felony.

Later that same day, the court reconvened the trial on the enhancements and special allegations, and announced its finding that appellant had suffered a prior conviction for a serious felony of assault with a firearm, and that the two prior prison term enhancements had been proven.

Sentencing was held on December 4, 2014. At that time appellant's motion to strike the prior was denied, and appellant was sentenced to a total of 18 years in state prison calculated as follows: 6 years aggravated base term for the burglary conviction, doubled to 12 years based on the prior strike. Five years were added for the prior serious felony conviction found true, and one additional year added for one of the prison priors. The second prison prior was stricken, and the court imposed a concurrent 180-day jail

---

[2] *People v. Arbuckle* (1978) 22 Cal.3d 749, 756–757.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

sentence for the controlled substance conviction. Appellant made a motion inviting the court to dismiss the prior serious felony enhancement in the interests of justice (§ 1385).

Ultimately, appellant was given a total of 331 days custody credit for time served, and 49 days of conduct credit.[4] Restitution, fines, and penalties required by law were also imposed, along with other conditions.

## CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

---

[4] Although it does not appear in the record, apparently, the abstract of judgment initially failed to include the 49 days of good conduct credit which was added by an amended abstract on March 5, 2015.

4

_____

RUVOLO, P. J.


We concur:


_____

RIVERA, J.


_____

STREETER, J.


A143759, *People v. Dungan*